IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                                                 22-CR-9

MICHAEL LANHAM,

                Defendant.

---

## THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Caitlin M. Higgins, Assistant United States Attorney, of counsel, respectfully files this response to the defendant's Sentencing Memorandum, [Docket No. 64], and in support of a sentence of imprisonment of 360 months, consistent with the plea agreement, [Docket No. 48].

## PRELIMINARY STATEMENT

"A democratic society rests, for its continuance, upon the healthy, well-rounded growth of young people into full maturity as citizens." *Prince v. Massachusetts*, 321 U.S. 158, 168, 64 S. Ct. 438, 443 (1944). In this vein, "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). This statement rings particularly true regarding producers of child pornography, such as this defendant, who both physically and mentally abuse their victims, and, in turn, fuel a depraved, debauched, and debased market. Accordingly, the Court should, consistent with the plea agreement, sentence this defendant to 360-months imprisonment.

**STATEMENT OF FACTS**

The government concurs with and relies on the statement of facts outlined in the Presentence Investigation Report ("PSR"). *See* Docket No. 62.

**ARGUMENT**

I. **THE COURT SHOULD SENTENCE THE DEFENDANT TO A TERM OF 360 MONTHS IMPRISONMENT BASED ON 18 US.C. 3553(a).**

The defendant's heinous conduct warrants a term of imprisonment of 360 months, or 30 years. The United States recognizes that since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated. When imposing a sentence, although the Court is required to consider the guidelines, it must first and foremost fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a). The guideline range as calculated by PSR in this case would be a term of imprisonment of between 360 to 500 months. *See* Docket No. 62. Pursuant to Rule 11(c)(1)(C), the parties agreed to a sentence of 360 months, which is reasonable and appropriate pursuant to 18 U.S.C. § 3553(a).

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress . . . . It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider") *abrogation on other grounds recognized by United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008) (en banc). The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been

found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  A court that imposes a sentence outside the applicable advisory guidelines range must do so on notice to the parties and must state "with specificity" both at sentencing and in the written judgment and commitment order its reasons for doing so.  *See* 18 U.S.C. § 3553(c).

### A. The Court Should Sentence the Defendant to 360 Months' Imprisonment Based on the Nature and Circumstances of the Offense.

The Second Circuit has held that "[c]hild pornography production offenses are extremely serious and ordinarily warrant a significantly harsher punishment than possession or even distribution offenses." *United States v. Muzio*, 966 F.3d 61, 65 (2d Cir. 2020).  This case illustrates why.  The defendant pled guilty to the production of child pornography with a prior sex offense.  Indeed, the defendant, who was 31 years old and a registered sex offender at the time of the offense conduct, admitted to producing child pornography of Minor Victim 3, a three-year old toddler who was in his care, custody, or control.

The plea agreement provides a relatively sterile recitation of the defendant's abhorrent conduct.  The defendant endeared himself to an individual who was babysitting three children, all under the age of eight.  In doing so, the defendant ensured that he would have unlimited opportunity and access to satiate his sexual intertest in children.  And he did.  The defendant preyed on each of three children, including Minor Victim 3, the charge to which he pled guilty.  Minor Victim 3, still a toddler at the time of the abuse, could not have been more vulnerable to the defendant's wicked conduct.  Her age rendered her helpless to the defendant's advances — she was too little to comprehend what the defendant was doing to her.  Minor Victim 3, then, was at the mercy of a predator who infiltrated her home — the place where a toddler should feel the safest.

And the defendant exploited her vulnerability in every single way possible. The defendant used the toddler to create child pornography. What is more, the defendant then distributed the child pornography, making Minor Victim 3's abuse permanent, on a Kik group, where he also boasted about his despicable conduct to an Online Covert Employee ("OCE"). In fact, the defendant's own vile words in the Kik group illustrate that the child pornography was likely part and parcel with further abuse. For example, in response to the OCE asking if he had ever "play[ed] with any young," he said "[y]a . . . [a] friend of mines kids." *See* Docket No. 62 at 7. The defendant provided guidance to the OCE on how to sexually abuse children, stating, *inter alia*, "[u] should try when she is awake let her sit on ur lap and then try there like rubing her legs and work ur way up. If u start moving yup and she stops u then u say sry but if she don't stop u then ur in the clear. . . . Thts wut I did. I started slow and thts how I got close as the underwear now I'm trying working on with nothing." *Id.* at 8. Indeed, all three minor victims were interviewed by the Child Advocacy Center, and, based on two of the three interviews, there is reason to believe that the defendant sexually abused the three victims. *See* Docket No. 62 at ¶¶ 61-64.

In light of the above, a sentence of 360 months is appropriate. Although the sentence is a substantial term of imprisonment, it is far shorter than the sentence the defendant would have received if he had been convicted at trial. Counts 1-3 of the indictment exposed the defendant to three 25-year mandatory minimum sentences, which stack; Count 4 exposed the defendant to an additional 15-year mandatory minimum; Count 5 exposed the defendant to an addition 10-year mandatory minimum; and Count 6 exposed the defendant to an additional 10 years if he was convicted of any of the production counts.

In this vein, a sentence of 360-months imprisonment is more than reasonable. The sentence, however, is appropriate in light of the defendant's acceptance of responsibility for his actions and his doing so prior to trial—in fact, prior to the filing of pretrial motions. Aside from conserving government and Court resources and ensuring the certainty of conviction, the defendant's early acceptance of responsibility obviates the need for the victims to testify at trial. While testifying is difficult for any victim, it is particularly so in a case such as this where the victims are still minors. Accordingly, the nature and circumstances of the offense support a sentence of 360 months.

B. **The Court Should Sentence the Defendant to 360 Months Based on His History and Characteristics.**

The defendant's history and characteristics amply support a sentence of 360 months of imprisonment. Indeed, the defendant has spent the majority of his adult life sexually abusing children. In 2010, at the age of 21, the defendant was convicted of promoting a sexual performance by a child less than 17 years of age and rape in the third degree for engaging in sexual intercourse with a 15-year-old female and taking photographs of the same. *See* Docket No. 62 at 21. The defendant alleged that he "thought" the victim was 18, which the victim rebutted stating that the defendant was aware of her age and "should have known better." *Id.* at 21-22. He was sentenced to a paltry six months' imprisonment followed by 10 years' probation. *See* Docket No. 62 at 21. Unable to restrain himself, in 2013, the defendant violated his terms of probation for contact with females as young as 15 years old, refusing to participate in a required Sex Offender Program, possessing a cell phone with internet and photo/video capabilities; and using his cell phone to access a social networking site for chat rooms. *See id.* at 22. In 2013, the defendant pled guilty to the charge of a sex offender registration violation and was sentenced to 16 months to 4 years of incarceration. The

defendant served approximately 2.8 years. Undeterred, while on parole for these charges, the defendant continued to engage in further heinous child exploitation by possessing, distributing, and producing additional child pornography in this case.

Simply put, the defendant's criminal history demonstrates an inability or unwillingness to comply with the law. What is more, the defendant's history illustrates that the defendant has a pervasive and perverse sexual interest in children, which he creates opportunities upon which to act. As such, the history and characteristics of the defendant underscore the need for a sentence of 360 months.

### C. The Court Should Sentence the Defendant to 360-Months' Imprisonment to Afford Adequate Deterrence.

"Deterring the production of child pornography and protecting the children who are victimized by it" are factors the Court must consider pursuant to 18 U.S.C. 3553(a). *See United States v. Goff*, 501 F.3d 250 261 (3d Cir. 2007). Deterrence with respect to the production of child pornography is "particularly compelling," where "imposing a lighter sentence . . . tends to undermine the purpose of general deterrence, and in turn, tends to increase (in some palpable if unmeasurable way) the child pornography market." *United States v. Irey*, 612 F.3d 1160, 1211 (11th Cir. 2010). The Court effectuates both general and specific deterrence by sentencing this defendant to 360-months' imprisonment.

D. **The Court Should Sentence the Defendant to 360-Months of Imprisonment Because the Sentence Comports with Second Circuit Precedent and Avoids Creating Sentencing Disparities Among Similarly Situated Defendants.**

The Second Circuit has upheld similar sentences in production cases. *See, e.g.*, *United States v. Spoor*, 904 F.3d 141 (2d Cir. 2018) (30 years) *United States v. Pattee*, 820 F.3d 496, 512–13 (2d Cir. 2016) (47 years); *United States v. Broxmeyer*, 699 F.3d at 288–97 (2d. Cir. 2012) (30 years); *United States v. Rafferty*, 529 F. App'x 10, 13–14 (2d Cir. 2013) (60 years); *United States v. Oehne*, 698 F.3d 119, 125–26 (2d Cir. 2012) (45 years); *United States v. Levy*, 385 F. App'x 20, 24–25 (2d Cir. 2010) (30 years). Indeed, this Court has imposed similar sentences for production cases. *See, e.g.*, *United States v. LaFrance*, Docket No. 21-Cr-22 (WDNY 2022) (327 months). Accordingly, the Court should impose a sentence of 360-months' imprisonment.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court accept the plea agreement and sentence the defendant to a term of imprisonment of 360 months.

DATED: Buffalo, New York, April 17, 2024.

                                            TRINI E. ROSS
                                            United States Attorney

BY:    s/CAITLIN M. HIGGINS
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716-843-5818
        Caitlin.Higgins@usdoj.gov